## KESSLER *v.* STATE, EX REL. HAMPTON ET AL.

[No. 22,030. Filed June 25, 1912.]

1. STATUTES.—*Construction.*—*Erroneous Reference to Statute.*— *Transposition of Sections of Statute.*—Where it is evident, in the construction of a statute, that a reference in the statute to a certain section is erroneous, and the specific subject referred to is found in another section, the court is authorized to read the latter section into the statute as being the one referred to. p. 194.

2. DRAINS. — *Drainage Improvement.* — *Assessments.* — *Bonds.* — *Statute.*—*Construction.*—The drainage law of 1907 (Acts 1907 p. 508), together with §5½ of said act as amended in 1909 (Acts 1909 p. 431), must be construed as to give a sensible effect to every part, and considering the intent of the act as gathered from the history of the legislation on the subject of drainage and reading §§5, 5½ of said act together as one section, it is apparent that under the provisions of the act, bonds may be issued for the payment of work done in the improvement of a drain, where the cost exceeds $5,000, in cases where the proceedings were had before a board of commissioners, as well as where had before a circuit or a superior court. p. 198.

From Newton Circuit Court; *Charles W. Hanley,* Judge.

Action by the State of Indiana on the relation of Charles E. Hampton and others against William H. Kessler. From a judgment for relators, the defendant appeals. *Affirmed.*

*Rogers & Rogers* and *Fred G. Richmire,* for appellant.
*William Darroch,* for appellee.

MYERS, J.—Appellant is the superintendent of construction of a drainage improvement under the jurisdiction of the Board of Commissioners of the County of Newton, which consists of deepening and widening certain dredge ditches, and appellees are interested landowners. After the work was ordered constructed, and a contract entered into for the work, appellant gave notice of collection of the assessments by instalments. Appellees desired that bonds be issued to pay for the work primarily, and brought this action for a mandate to compel appellant to determine the total cost of

the work, together with the costs and expenses, which exceeded $5,000, apportion the same to the several tracts of land assessed, and certify the same to the board of commissioners in order that bonds may issue. The drains which are being improved by the proceeding were originally constructed under the jurisdiction of the board of commissioners. The court, on trial, found for plaintiffs, and ordered the certification as prayed.

It is the claim of appellant that as the drains were originally constructed under the jurisdiction of the board of commissioners, and as the proposed improvement is by the board, wholly under the authority of §19 of the drainage law of 1907 (Acts 1907 p. 508, §6174 Burns 1908), bonds cannot be issued under the provisions of §5½ of said act (§6145 Burns 1908), as amended in 1909 (Acts 1909 p. 431), as the act does not apply, while the contention of appellees is, that whether the proceedings be before a circuit or superior court, or a board of commissioners, bonds may be issued as against the assessments which are not paid within the time given by that section for payment, provided the cost of the work exceeds $5,000, and that if the proceeding is under §19, supra —which is not conceded—the construction contended for by appellant would enlarge the scope of §19, supra, and restrict the scope of §5½, supra. The provision for issuing bonds as against ditch assessments first appeared in the amendment of 1903 (Acts 1903 p. 384).

The independent act of 1905 (Acts 1905 p. 456) was a circuit or superior court act primarily, but by §9 of said act concurrent jurisdiction was conferred on boards of commissioners, when the lands or subjects of assessment for the work were "wholly within one county", with like proceedings as before circuit or superior courts. All prior laws were repealed, with the exceptions noted in §14 of said act as to petition, notice, remonstrance, etc. Said act of 1907 was an independent act, repealing all former laws, with the exceptions noted in §21 and §22 (§22 appears as §6168

Burns 1908). This too was primarily a circuit or superior court act, and by §5 (§6144 Burns 1908) provided for collection of the assessments at a rate not exceeding ten per cent of the assessments per month. Sections 5 and 5½ of said act (§§6144, 6145 Burns 1908) are substantially drawn from amended §5 of the act of 1905 (Acts 1905 p. 456), and the latter from §5 of the act of 1901 (Acts 1901 p. 161), which was also an amendment, and had its beginning in the act of 1885 (Acts 1885 p. 129), for purely circuit and superior court proceedings. But §5½ is in the nature of a proviso, that bonds may issue where the "contract price" for the work exceeds $5,000 for "any work of drainage, as provided for in this act", on certain conditions therein shown.

By §17 of said act (§6151 Burns 1908), concurrent jurisdiction is conferred on boards of commissioners, where the lands and subjects of assessment for the work were "wholly within one county", with the proceedings the same as in circuit or superior courts, as to petition, notice, remonstrance, hearing, etc.

Section 6 of said act (§6146 Burns 1908) fixes the liens, and provides for the recording and notice of the assessments, and their release.

Section 19 (§6174 Burns 1908) provides for changes of prior-constructed drains, and for notice as under §§2, 3, 4, 5, and 7 (§§6141, 6142, 6143, 6144, 6147 Burns 1908) for an original improvement, "and if such work of change or improvement is done under the direction of the circuit or superior court, and the total cost exceed five thousand dollars, the provisions of section six in relation to the issue of drainage bonds shall also apply. In all other respects the provisions of this act in relation to the construction of any work of drainage shall, so far as applicable, govern in the making of any such change, improvement or extension of any work constructed under this act or under any former drainage law of this state."

Vol. 178—13

If the cost does not exceed $300, "exclusive of the tile to be used therein, then all the procedure and provisions in relation thereto may be had in accordance with the provisions of section 17 of this act: Provided, further, that if the drain which it is proposed to change in accordance with the method of procedure laid down in said section 17 of this act, was originally established in the circuit or superior court, then the clerk of such court shall proceed in all ways as would the auditor of the county in carrying out the provisions prescribed for him in said section 17." §6174, *supra.*

The amendment of 1909 (Acts 1909 p. 431) consists principally in excluding the requirement as a condition to the issuance of bonds, that the owners of two-thirds in acreage of the land assessed shall "file a written request therefor", and provides for the issuance of bonds, except as against the lands of those who pay. It is evident that the reference in §19 to §6 is an error, and should be to §5½, for there is no provision in §6 for issuing bonds, and that is the specific subject referred to in §19 in its reference to §6; neither can it apply to §5, for the latter has no such provision. We have no difficulty in reading §6 as §5½, as we are authorized to do when the intent is plain. *Board, etc.,* v. *Scanlan* (1912), *ante* 142, 98 N. E. 801, and cases there cited. When the act of 1907 was read the third time in the Senate the General Assembly of 1907 on motion, it was recommitted to its author as "a committee of one to amend as follows, 'Page 14, section 5, line 93 insert at the end of section 5 the following section: §5½,'" and this was done. Senate Journal 1907 pp. 1774, 1777. On another motion the bill was committed to its author as a committee of one to amend "by changing the number '19' in section 19 of the printed bill to the number '20' so that the section shall read section 20, and that section 18 of the printed bill shall be followed by the following: section 19", setting out §19 as it appears in the published acts, and this was done. Senate Journal 1907 pp. 1786-1788. Section 20 was renum-

bered as §21 (Senate Journal 1907 p. 1795), and §22 added (Senate Journal 1907 p. 1797). Sections 21, 22 were amended in the House of the General Assembly of 1907 and approved by 'the Senate, but the amendments do not affect the question here. House Journal 1907 pp. 2221, 2223, 2247; Senate Journal 1907 pp. 2238, 2240. It thus becomes plain that the bill as originally introduced did not have §5½ as it now appears, and did not have the matter later enacted as §19. It is likewise clear that said §5½ was intended to be a part, or proviso of §5, to the subject of which, as originally introduced, it was germane.

It is also clear that §19 was an interposed section, and is in the identical wording of §11 of the act of 1905 (Acts 1905 p. 456) down to the first proviso, which accounts for the discrepancy in rewriting §6 in the act of 1907, which had no relevancy in that act to the matter of issuing bonds, but said §6 of act of 1905 had direct relevancy to that subject (Acts 1905 p. 456, §6).

Section 17 of the act of 1907 (Acts 1907 p. 508, §6151 Burns 1908) is identical with §9 of the act of 1905 (Acts 1905 p. 456) and §8½ of the act of 1907 (§6149 Burns 1908) is identical with §12 of the act of 1905, and was interpolated by amendment in the Senate precisely as said §5½ and §19 were.

Under both the acts of 1905 and 1907, §§9, 17, respectively, when the work was wholly in one county, boards of commissioners were given concurrent jurisdiction with circuit and superior courts, but §11 and §19 of the respective acts in their reference to the tribunal in which the proceeding may be had confer the jurisdiction on the circuit or superior courts, in case of ditches originally constructed by these courts, or in case of ditches in more than one county, and confer jurisdiction on boards of commissioners where the improvement is wholly in one county, and in those cases where ditches were originally constructed by boards of commissioners.

This is made strikingly apparent in the last proviso of said §19, in reference to said §17. When the bill was introduced it was specifically provided by said §17 that in case of filing such petition before the board, it is given "all the powers to perform all the duties * * * that have hereinbefore been prescribed for the circuit or superior courts" except when lands are in another county, as was true of §9 of the act of 1905 (Acts 1905 p. 436), but it was provided in the latter section that the county board, in case of work done "under the direction of the board, shall have no power to issue bonds as provided for in §6 of this act," and also that county boards shall have no power to construct any work of drainage except in pursuance of the provisions of this act, but in §17 of act of 1907 it is expressly provided that "action on such report, allowance and payment of claims, and all other matter in relation to such work, shall be had and concluded as far as applicable by and under direction of such board of county commissioners, as hereinbefore in this act provided for in the circuit or superior court, except as provided for in this section." This section makes no modification as to issuing bonds.

What then was the origin and purpose of, and what construction is to be given in §19, supra, to the clause "if such work of change or improvement is done under the direction of the circuit or superior court," etc., and if the costs exceed $5,000 may bonds issue, and does it preclude issuance of bonds in case of proceedings before boards of commissioners?

The provision which presents the difficulty here is the one in §11 of the circuit court act of 1905, in which provision was made for petition in circuit or superior courts and before boards of commissioners. Section 6 of the act provides for payment of proceeds of bonds on certificate of the superintendent, and §5½ of the act of 1907, supra, followed it, but by the amendment of 1909 (Acts 1909 p. 431,

§1) payment could only be made when "approved by the circuit court."

It is therefore clear that in these various enactments the fact did not appear to the legislators, that there was some confusing language in applying §6 and §11 in said act of 1905 and §5, §5½ and §19 in said act of 1907, and said amendment of 1909, referring to approval of warrants by the circuit court, but such confusion clearly arose from the failure to keep in mind that concurrent jurisdiction under said act of 1905 was conferred on boards of commissioners, and under that act bonds could not issue unless the cost exceeded $5,000, even though the proceeding was in a circuit or superior court, as shown by §5 and §6, and by §11 the issue of bonds was restricted to proceedings in circuit or superior courts.

But when we come to the proviso in §5 in said act of 1907, carried as independent §5½, bonds were provided for in all cases where the cost exceeds $5,000, but in adding this proviso and introducing §19 from the act of 1905, as part of the same act, the apparent conflict was overlooked in this respect, as well as in respect to §6, instead of §5, with the proviso in §5½.

Taking §6 and §11 of that act (Acts 1905 p. 456) together, there could have been no possible reason for the conditional language used in §11 of the act of 1905, and the same thing is true as to §5, with the proviso of §5½, which should appear as a proviso proper in said act of 1907.

If we eliminate from §11 of the act of 1905, and from §19 of the act of 1907 words referring to courts, or add boards of commissioners, the sections become consistent with other portions of the acts.

The language of §6 in act of 1905, and in §5½ as a proviso of §5 in said act of 1907, is "In all cases," etc. In said act of 1909 it is broadened to "In all ditches and drains," etc.

Looking at it from the point of reason and intent, there

could be nothing but an arbitrary and unjust distinction, if a proceeding were instituted before a board of com-

2. missioners, and the expense is more than $5,000, that the landowner must pay the expense in one year, while if the proceedings were instituted in a circuit or superior court the time of payment may be extended over a period of ten years, and especially where, as here, the proceedings had to be begun before a board of commissioners, and we are safe in saying, judging from the history of the legislation, that no such inequality was intended, and the act should be so construed as to give a sensible effect to every part, and these conclusions, coupled with the general provisions of amended §5 and §5½, taken as one section, as they should be, leave no room for doubt that the true construction to be given the act is that in either case bonds may issue, when the cost exceeds $5,000. The judgment is affirmed.

NOTE.—Reported in 98 N. E. 1089. See, also, under (1) 36 Cyc. 1126; (2) 36 Cyc. 1128, 1138.