TOWER ET AL. v. BENNETT, SUPERINTENDENT, ET AL.

[No. 11,064. Filed October 13, 1921.]

1. DRAINS.—*Construction.—Bonds.— Issuance.— Statutes.*— Section 6145 Burns 1914, Acts 1909 p. 431, providing that in the construction of a drain costing over $5,000, bonds may be issued payable in installments to pay for the cost of construction, is mandatory, and the commissioner in charge must certify the assessments and apportionments to the board of county commissioners, who must then determine at what time and in what number of installments they shall be paid, and cause the bonds to be issued, without which proceedings there is no compliance with the statute, and there can be no lawful sale of lands affected by the improvement for delinquent installments. p. 465.

2. DRAINS.—*Construction.—Collection of Assessments.—Failure to Comply with Statutes.*—Where §6145 Burns 1914, Acts 1909 p. 431, providing that in the construction of a drain costing over $5,000, bonds may be issued payable in installments, was not complied with, unpaid assessments against lands affected by the drain were not "legally delinquent," and the sale of lands therefor may be restrained. p. 466.

From Spencer Circuit Court; *Marshall R. Tweedy,* Special Judge.

Action by Ira M. Tower and others against Hilbert Bennett, superintendent of construction, and others. From a judgment for defendants, the plaintiffs appeal. *Reversed.*

*Elbert M. Swan, William C. Mason* and *Arch Stevenson,* for appellants.

*William A. McCullough, William M. Smith* and *Benjamin F. Huffman,* for appellees.

NICHOLS, P. J.—Appellants sued appellees to enjoin them from selling their respective tracts of land on assessments in a drainage proceeding. There were two paragraphs of complaint to each of which a demurrer was sustained. Appellants refused to plead further, and judgment was rendered against them from which they appeal.

The question presented by the ruling on the first paragraph of complaint relates to the construction of §6145 Burns 1914, Acts 1909 p. 431. The contract price exceeded $5,000 and appellants contend that the provision of the section for bonds and for payment by installments, though permissive in form, is mandatory. It has been held that where power is given to public officers, and the public interest or individual rights call for its exercise, the language used, though permissive in form is in fact peremptory, and that the intent of the legislature in all such cases was not to declare a mere direction but to impose a positive and absolute duty. *Zorn* v. *Warren-Scharf, etc., Paving Co.* (1907), 42 Ind. App. 213, 223, 84 N. E. 509; *Southern Surety Co.* v. *Kinney* (1920), 74 Ind. App. 205, 127 N. E. 575.

In *Kessler* v. *State, ex rel.* (1912), 178 Ind. 191, 98 N. E. 1089, the proceeding was by mandate to compel the issuance of bonds, and the collection of the

assessments by installments, as provided in §6145, *supra,* and the trial court granted the prayer of the complaint. The question presented on appeal was as to whether the act applied in a drainage proceeding before the board of commissioners as well as before a circuit or superior court, and the Supreme Court affirmed the judgment of the trial court, thereby interpreting the section as mandatory. Upon the authority of that case and of the cases cited above as well as from the standpoint of reason, we hold that the section is mandatory and that following the provisions of the section, the commissioner in charge should have certified the assessments and apportionments to the board of commissioners who in turn should have determined at what time and in what number of installments they must be paid and should have caused bonds to be issued. Until these steps have been taken in harmony with the provisions of the statute, nothing was due, and hence there could be no lawful sale of appellants' lands for delinquent installments. The demurrer to the first paragraph of complaint should be overruled.

Having reached the conclusion that appellants were entitled to pay their assessments by installments, and to have bonds issued as provided in §6145, *supra,*

2.  we hold, as to the amended second paragraph of complaint that the assessments were not "legally delinquent," and that therefore the demurrer to the second amended paragraph should be overruled. Other questions are presented by the said second paragraph, but we do not need to decide them.

The judgment is reversed, with instructions to the trial court to overrule the respective demurrers, and for further proceedings in harmony herewith.